UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ISRAEL CANTU HERRERA | § |
| | § |
| v. | §   C.A. NO. C-04-532 |
| | § |
| DOUG DRETKE, DIRECTOR TDCJ-ID | § |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

On May 4, 2005, the United States Magistrate Judge filed her Memorandum and Recommendation (D.E. 17). Objections were timely filed by respondent (D.E. 19) and by petitioner (D.E. 21). Having reviewed *de novo* the Magistrate Judge's Memorandum and Recommendation and the pleadings on file, this Court hereby adopts as its own the findings and conclusions of the Magistrate Judge with the noted modification.

Although respondent agrees with the final recommendation of the Magistrate Judge, he makes the following objections in order to preserve them for an appeal: (1) the Magistrate Judge's reason for finding that the conviction became final on March 26, 2003 was incorrect and (2) the Magistrate Judge incorrectly discussed equitable tolling in this case. As to respondent's first objection, the Court finds that the Magistrate Judge incorrectly stated that petitioner's conviction became final on March 26, 2003 as that was the date that the 30 day period for filing a petition for discretionary review expired under Tex. R. App. 68.2(a). Rather, the Court finds that the petitioner's conviction became final on March 28, 2003, which was the date that the 30 day period for filing a notice of appeal expired under Tex. R. App. P. 26.2(a)(1). This finding does not alter the ultimate conclusion that petitioner's application is still time-barred. The Court finds that respondent's second objection is without

merit. The Magistrate's analysis on the mere possibility of equitable tolling in this case is permissible under *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Further, such analysis does not alter the Court's conclusion that petitioner's application is time-barred.

Petitioner has filed a variety of objections. Petitioner's first two objections, in which he asserts that his deadline to file his application for habeas corpus relief was either September 22, 2004 or October 18, 2004, are without merit as petitioner acknowledges that, even under these deadlines, his application was late. The Court also finds that the objection to the Magistrate Judge's analysis of petitioner's mental incompetency is without merit, as this analysis was supported by the exhibits attached to respondent's Motion for Summary Judgment. The remainder of petitioner's objections have already been raised in his Response to the Motion for Summary Judgment; the Court finds that the Memorandum and Recommendation adequately addressed these concerns.

Accordingly, respondent's motion for summary judgment (D.E. 14) is GRANTED. Petitioner's application for habeas corpus relief is DISMISSED as time-barred.

ORDERED this 29th day of July, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE