IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ISRAEL CANTU HERRERA, § | |
| Petitioner, § | |
| § | |
| vs. § | C.A. NO. C-04-532 |
| § | |
| DOUG DRETKE, Director TDCJ-ID, § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER
## OVERRULING PETITIONER'S OBJECTIONS

Final judgment dismissing petitioner's § 2254 petition as time barred was entered August 1, 2005 (D.E. 24, 25). Petitioner timely filed notice of appeal on August 19, 2005 (D.E. 26). After petitioner moved for leave to proceed *in forma pauperis* (D.E. 28), his motion was granted by the magistrate judge but he was ordered to pay the $255 appellate filing fee in installments (D.E. 31). The magistrate judge did not impose the filing fee pursuant to the PLRA, but simply because plaintiff appeared to have the ability to pay the fee over time (*Id.*). Petitioner did not seek review of this order by the District Court nor did he appeal to the Fifth Circuit. The Fifth Circuit Court of Appeals denied petitioner a certificate of appealability on August 8, 2006 (D.E. 34).

Since the collection order was entered on September 9, 2005, $113.32 has been collected from petitioner. On June 20, 2012, almost seven years after the collection order was entered, petitioner filed a motion for return of fees (D.E. 38). Citing *Garza v. Thaler*, 585 F.3d 888 (5th Cir. 2009), the magistrate judge vacated the collection order as to collection of any future funds but denied petitioner's motion return of funds already paid

into the registry of the court because he failed to timely object to the collection order or to complain about it on appeal.  Petitioner timely filed objections to the order (D.E. 43).

Petitioner contends that collection of the appellate fees is illegal pursuant to the *Garza* case (D.E. 43).  He claims he only recently learned about the Fifth Circuit ruling in *Garza*.  *Garza* does not apply to petitioner's case because petitioner failed to timely file objections to the magistrate judge's order seven years ago.  He could have, but did not, object to entry of the order pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(a).  Petitioner's failure to timely file objections back in 2005 barred him from raising the issue on appeal except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).  It is also well-settled that failure to raise an issue on appeal waives it.  *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007).

In *Garza*, the petitioner timely raised the issue before the District Court and on appeal.  Here petitioner has received the benefit of the *Garza* case because the collection order has been vacated and no further funds will be collected from him.  As to funds collected in the past, petitioner's objections (D.E. 43) are OVERRULED.

ORDERED this 21st day of September, 2012.

_____
HAYDEN HEAD
SENIOR UNITED STATES DISTRICT JUDGE